**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249

    Of Attorneys for Plaintiff

<br>

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PENDLETON DIVISION

<br>

| | |
|---|---|
| RICKY NASARIO, | Case No. 2:16-cv-01561 |
| **PLAINTIFF,** | **COMPLAINT** |
| | UNLAWFUL EMPLOYMENT ACTION |
| v. | FMLA and supplemental state law claims |
| PENDLETON BOTTLING, CO., and DAN WINTERS, | **JURY TRIAL DEMANDED** |
| **DEFENDANTS**. | |

### PRELIMINARY STATEMENT

1.    This action is an action for damages and equitable relief, including compensatory

damages, back pay, front pay, and attorneys' fees and costs, to redress violations of the Family

and Medical Leave Act, 29 U.S.C. § 2615(a)(1) (FMLA), the Oregon Family Leave Act, ORS

PAGE 1 – COMPLAINT

659A.150 *et seq.* (OFLA), ORS 659A.030(1)(g), and ORS 659A.112 *et seq.*, as well as a claim for common law wrongful discharge.

## JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1343, civil rights jurisdiction.

3.      Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

4.      Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this Judicial District.

## PARTIES

5.      Plaintiff, Ricky Nasario ("Nasario"), is a citizen of the United States. At all times material, Nasario worked for defendant in Umatilla County, Oregon. Nasario is a qualified individual with a disability and a United States citizen.

6.      Defendant Pendleton Bottling Co. ("PBC") is an Oregon corporation, registered to do business in Oregon.

7.      Defendant Dan Winters ("Winters") was Nasario's supervisor at PBC.

8.      At all times relevant, PBC's employees and supervisors, as their conduct is alleged herein, were acting within the course and scope of their employment with PBC.

## GENERAL FACTUAL ALLEGATIONS

9.      Nasario was hired by PBC as a delivery driver on May 15, 2005.

PAGE 2 – COMPLAINT

10.     On September 13, 2015, Nasario began experiencing vertigo and went to the emergency room.  He was treated by the ER physician, Dr. Suzan Chandler, who took him off work for September 14, 2015, due to his inability to drive with his condition.

11.     Nasario was placed on medical leave due to vertigo on September 14, 2015.

12.     On September 14, 2015, Nasario saw Dr. Jennifer Armstrong, who took him off work until September 15, 2015. Nasario was referred to Dr. Joseph Gifford, who extended this to September 21, 2015, and then later extended this to October 31, 2015. Nasario was referred to a specialist, Angie L. Hays, FNP who, on October 29, 2015, extended his leave from October 31, 2015, to November 10, 2015. On November 7, 2015, after a clinic visit, Hays again extended Nasario's leave from November 7, 2015, to November 25, 2015.

13.     Nasario called in to work weekly to inform them of the extension of his leave, and had his doctors fax the proper documentation in to his work. Winters stated when Nasario called in, "Keep me posted. If you can't get a hold of me, talk to Kelly Ditz" or something similar. Winters never informed Nasario that he had to physically appear at the plant and check in. Nasario could not drive to work because of his vertigo.

14.     On November 10, 2015, Winters called Nasario and demanded that he appear at the PBC office in Pendleton at 9:00 a.m. When he appeared, Winters stated that Nasario was being terminated for "lack of communication" and that he "should have driven in weekly and reported to him". Nasario asked Winters at that time if there was anything he could do to keep my job and Winters stated, "No!"

**FIRST CLAIM FOR RELIEF**
(Family and Medical Leave Act of 1993 - 29 U.S.C. § 2601 et seq.)

15.     Nasario re-alleges all relevant paragraphs as if fully incorporated herein.

16.     PBC is an "employer" within the meaning of 29 U.S.C. § 2611(4).

PAGE 3 – COMPLAINT

17.     PBC employed at least 50 employees for each working day during each of 20 or more calendar work weeks in 2014 or 2015.

18.     At all times material, Nasario was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2).

19.     At all times in 2015, PBC employed 50 or more employees with 75 miles of the worksite where Nasario performed work for PBC.

20.     Nasario was employed by PBC for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave.

21.     Nasario was employed by PBC for more than 12 months prior to commencing leave on September 14, 2015.

22.     At all times material, Nasario was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2).

23.     Nasario took medical leave protected by the Family Medical Leave Act (FMLA).

24.     At all material times, Nasario suffered from a serious health condition, as defined by 29 U.S.C. § 2611(11).

25.     PBC interfered, discriminated, and retaliated against Nasario for engaging in the protected activity of taking leave under FMLA.

26.     PBC interfered, discriminated, and retaliated against Nasario for taking medical leave by taking adverse employment actions against Nasario, including, but not limited to, terminating Nasario and refusing to reinstate Nasario to employment.

27.     As a direct and proximate result of PBC's interference, discrimination, and retaliation, Nasario has suffered lost income and will continue to suffer past and future wages,

PAGE 4 – COMPLAINT

past and future benefits, and other expenses, all to Nasario's economic damages in an amount to be determined at trial.

28.     PBC's acts were willful and malicious and done with reckless indifference to Nasario's protected rights.  PBC should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

29.     The court should enter an order declaring that PBC violated the FMLA.

30.     To the extent any amount awarded to Nasario is for damages occurring prior to the entry of judgment, Nasario is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

31.     Nasario is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A).

32.     Pursuant to 29 U.S.C. § 2617(a)(3), Nasario is entitled to an award of attorneys' fees, expert fees, and costs incurred herein.

33.     Nasario is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**SECOND CLAIM FOR RELIEF (against PBC)**
(Oregon Family Leave Act - ORS 659A.150 et. seq.)

34.     Nasario re-alleges all relevant paragraphs as if fully set forth herein.

35.     Nasario took medical leave protected by the Oregon Family Leave Act (OFLA).

36.     PBC employed 25 or more persons in the state of Oregon for each working day during each of 20 or more calendar workweeks in the year 2014.

37.     PBC employed 25 or more persons in the state of Oregon for each working day during each of 20 or more calendar workweeks in the year 2015.

PAGE 5 – COMPLAINT

38.     Immediately prior to commencing family leave in 2015, Nasario worked for PBC for more than 180 days.

39.     Nasario worked an average of more than 25 hours per week for PBC during the 180 days immediately preceding the date on which Nasario commenced family leave.

40.     At all material times, Nasario had a serious health condition as that term is defined in ORS 659A.150(6).

41.     PBC interfered, discriminated, and retaliated against Nasario for taking medical leave by taking adverse employment actions against Nasario, including, but not limited to, terminating Nasario's employment.

42.     As a result of PBC's interference, discrimination, and retaliation against Nasario, Nasario suffered and continued to suffer economic losses, mental anguish, pain and suffering, and other non-pecuniary losses.

43.     As a result of PBC's discrimination and retaliation against Nasario, Nasario is entitled to equitable relief.

44.     Pursuant to 659A.885, Nasario is entitled to recover back pay.

45.     PBC's acts were willful and malicious and done with reckless indifference to Nasario's protected rights.  PBC should be assessed punitive damages in an amount as fixed by a jury to punish PBC and to deter such conduct in the future.

46.     The court should enter an order declaring that PBC violated the OFLA.

47.     To the extent any amount awarded to Nasario is for damages occurring prior to the entry of judgment, Nasario is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

PAGE 6 – COMPLAINT

48.    Pursuant to ORS 659A.885(1) and ORS 20.107, Nasario is entitled to recover Nasario's reasonable attorneys' fees and costs, including expert witness fees.

49.    Nasario is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

### THIRD CLAIM FOR RELIEF (against PBC)
(ORS 659A.103 et seq. – Disability Discrimination)

50.    Nasario re-alleges all relevant paragraphs as if fully set forth herein.

51.    Nasario is a "disabled person" as defined at ORS 659A.104(1).

52.    PBC is an "employer" as defined at ORS 659A.106.

53.    PBC perceived Nasario as being disabled.

54.    After Nasario disclosed Nasario's disability to PBC, PBC discriminated against Nasario by refusing to enter into the interactive process and by terminating his employment.

55.    PBC failed to engage in the interactive process with Nasario.

56.    Nasario could perform the essential functions of Nasario's job with PBC with or without the reasonable accommodations of allowing Nasario to continue to work.

57.    PBC's refusal to provide reasonable accommodations for Nasario's known disability constitutes discrimination against Nasario due to Nasario's disability pursuant to ORS 659A.103 *et seq*.

58.    As a result of PBC's unlawful employment actions, Nasario suffered and continues to economic and noneconomic damages.

59.    Nasario is entitled to equitable relief, including, but not limited to, reinstatement to employment with PBC, as well as an award of back pay and lost benefits.  If appropriate, Nasario should be reinstated and awarded past economic damages in an amount determined fair by a jury.

PAGE 7 – COMPLAINT

60.     If reinstatement is not appropriate, then Nasario is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for future pecuniary losses. Nasario should be awarded economic damages in an amount determined fair by a jury.

61.     PBC's acts were willful and malicious and done with reckless indifference to Nasario's protected rights.  PBC should be assessed punitive damages in an amount as fixed by a jury to punish PBC and to deter such conduct in the future.

62.     The court should enter an order declaring that PBC violated the ORS 659A.112, *et seq*.

63.     To the extent any amount awarded to Nasario is for damages occurring prior to the entry of judgment, Nasario is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

64.     Pursuant to ORS Chapter 659A and ORS 20.107, Nasario is entitled to recover Nasario's reasonable attorneys' fees and costs, including expert witness fees.

65.     Nasario is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

**FOURTH CLAIM FOR RELIEF (against WINTERS)**
(Aiding and Abetting Unlawful Employment Action – Violation of ORS 659A.030(1)(g))

66.     Nasario re-alleges all relevant paragraphs as if fully set forth herein.

67.     Winters aided and abetted PBC's interference with medical leave, as well as its discrimination and retaliation against Nasario. Winters's conduct was an unlawful employment practice in violation of ORS 659A.030.

68.     As a result of PBC's unlawful employment actions, Nasario suffered and continues to economic and noneconomic damages.

PAGE 8 – COMPLAINT

69.    Nasario is entitled to equitable relief, including, but not limited to, reinstatement to employment with PBC, as well as an award of back pay and lost benefits.  If appropriate, Nasario should be reinstated and awarded past economic damages in an amount determined fair by a jury.

70.    If reinstatement is not appropriate, then Nasario is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for future pecuniary losses. Nasario should be awarded economic damages in an amount determined fair by a jury.

71.    Winters's acts were willful and malicious and done with reckless indifference to Nasario's protected rights.  Defendants should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

72.    The court should enter an order declaring that Defendants violated the ORS 659A.112, *et seq.* and ORS 659A.150, *et seq.*

73.    To the extent any amount awarded to Nasario is for damages occurring prior to the entry of judgment, Nasario is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

74.    Pursuant to ORS Chapter 659A and ORS 20.107, Nasario is entitled to recover Nasario's reasonable attorneys' fees and costs, including expert witness fees.

75.    Nasario is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## FIFTH CLAIM FOR RELIEF (against PBC)
### (Wrongful Termination)

76.    Nasario re-alleges all relevant paragraphs as if fully set forth herein.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617  |  Fax (503) 241-2249

77.     PBC's conduct, as alleged, was in retaliation for Nasario's having requested and used medical leave, and as such constitutes a wrongful discharge under state common law.

78.     Nasario's statutory remedies do not constitute a complete remedy for the damage PBC has inflicted.

79.     As a result of PBC's conduct, Nasario suffered and continues to suffer non-economic and economic damages.

80.     PBC's acts were willful and malicious and done with reckless indifference to Nasario's protected rights.  PBC should be assessed punitive damages in an amount as fixed by a jury to punish PBC and to deter such conduct in the future.

81.     To the extent any amount awarded to Nasario is for damages occurring prior to the entry of judgment, Nasario is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

82.     Pursuant to ORS 20.107, Nasario is entitled to an award of attorneys' fees and expert witness fees.

83.     Nasario is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

### PRAYER FOR RELIEF

Nasario prays for the following judgment against all Defendants:

1.     A sum which will fully compensate Nasario for his non-economic damages in a sum that is just as determined by a jury;

2.     A sum which will fully compensate Nasario for his economic damages in a sum that is just as determined by a jury;

3.     Equitable relief, including but not limited to, reinstatement if Nasario so chooses;

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617  |  Fax (503) 241-2249

4.      Liquidated damages;

5.      Nasario's costs and disbursements incurred herein;

6.      Nasario's attorneys' fees; and

7.      For such other and further relief as the Court may deem just and equitable.

**Plaintiff Ricky Nasario demands a trial by Jury.**

Dated: August 2, 2016

**Law Offices of Daniel Snyder**

*/s/ John David Burgess*

Daniel Snyder, OSB No. 783856
dansnyder@lawofficeofdanielsnyder.com
Carl Post, OSB No. 061058
carlpost@lawofficeofdanielsnyder.com
John Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Of Attorneys for Plaintiff

PAGE 11 – COMPLAINT